EXHIBIT

**EXHIBIT A**

## SETTLEMENT AGREEMENT

### DISPUTE

A.  Parties. The parties to this Agreement are:

- Tia Hedges ("Hedges") or Plaintiff; and

- Reddy GI Associates, PLLC and Dr. Sudhakar Reddy (collectively "Reddy") or Defendants;

B.  Lawsuit

- On August 29, 2016, Plaintiff filed a complaint in the United States District Court for the District of Arizona entitled *Hedges v. Reddy GI Associates PLLC et al.*, Cause No. 2:16-cv-02889-GMS (the "Lawsuit").

- Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and A.R.S §§ 23-350 *et al*, ("Arizona Wage Statute") by failing to pay overtime and unpaid wages.

C.  Settlement

- Plaintiff and Defendants agreed to settle the Lawsuit.

- The settlement was arrived at through arms-length negotiations, and each party was represented by counsel during the negotiations.

### TERMS OF SETTLEMENT

1.  **Defendants' Payments.** Defendants agree to pay the sum of FIVE THOUSAND, AND 00/100 DOLLARS ($5,000.00) to Plaintiff. Defendants also agree to pay an additional amount of reasonable attorneys' fees plus costs to Plaintiff's counsel. Said sums will be paid in the amounts, to the payees and in the manner set forth in the remainder of this Paragraph 1. Defendants will withhold appropriate taxes for all back wage payments, and reflect the amounts on each payee's 2017 W2 form. All other amounts will be reflected on a 1099 tax form.

    a.  <u>Payments to Plaintiff.</u>

        i.  Back wages in the amount of TWO THOUSAND, FIVE HUNDRED and 00/100 Dollars ($2,500.00); and

        ii. Liquidated damages in the amount of TWO THOUSAND, FIVE HUNDRED and 00/100 Dollars ($2,500.00);

  b. <u>Timing of Payments.</u>

    i. Defendants will mail checks reflecting these payments to Plaintiff's counsel within thirty (30) days after the Court approves this settlement.

  c. <u>Plaintiff's Attorneys' Fees.</u> Defendants have agreed to pay reasonable attorneys' fees plus costs. The attorneys' fees and costs will first be negotiated between counsel within 21 days of the Court accepting this settlement agreement. If an agreement cannot be made the parties have agreed to allow the Court to determine the reasonable attorneys' fees and costs under the *Lodestar* method. Plaintiff's counsel will then file an application for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.2.

2. **Plaintiff's Promises**.

  a. <u>Plaintiff's Release</u>. Plaintiff releases and forever discharges from any and all wage claims, whether presently known or unknown. This release includes, but is not limited to, any and all claims arising under federal, state, or local law, statute or regulation or common law, including the:

    i. Fair Labor Standards Act, and

    ii. Arizona Wage Statutes

3. **Miscellaneous Agreements**

  a. The parties will file a joint motion with the Court to approve this settlement. Upon approval, Plaintiff's counsel may file a petition for attorneys' fees and costs if parties are not able to agree on fees and costs without the Court's help.

  b. Once the court has approved the settlement and ruled on the request of Plaintiff's attorneys' fees and costs, the parties will stipulate to dismiss the Lawsuit with prejudice.

  c. The obligations set forth in this Agreement are dependent upon the Court approving this settlement. Should the Court not approve the settlement, then this agreement will be void, *ab initio*.

  d. The terms of this Agreement will be binding upon the heirs, representatives, successors, and assigns of the parties, and will inure to the benefit of the heirs, representatives, successors, and assigns of the parties.

  e. It is the intention of the parties in executing this Agreement and in giving and receiving the consideration called for by this Agreement that this Agreement will be effective as a full and final accord, satisfaction and release of any and all matters described herein.

4. **General Provisions**

  a. <u>Entire Agreement</u>. This Agreement contains the entire agreement among the parties and supersedes any and all prior agreements, promises, representations, or inducements concerning the subject matter of this Agreement.

b. <u>Fees and Costs</u>. If any lawsuit or other legal proceeding or action is brought relating to, arising out of, or to enforce any of the provisions of this Agreement, the prevailing party will be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith, in addition to any other remedy to which it might be entitled.

c. <u>Waivers</u>. No waiver of any provision of this Agreement will constitute a waiver of any other provision of this Agreement, nor will any waiver constitute a continuing waiver. No waiver of any provision of this Agreement will be binding on the Parties unless it is executed in writing by the party making the waiver.

d. <u>Law and Forum.</u> This contract is governed by and will be enforced according to the laws of the State of Arizona. Any action brought to enforce any term of this contract must be brought in the Arizona Superior Court, County of Maricopa.

5. **Informed Consent**. The parties acknowledge and represent that:

a. They have fully and carefully read this Agreement prior to execution;

b. They have been fully apprised by their attorneys and/or advisors of the legal effect and meaning of this document and all terms and conditions thereof;

c. They have had the opportunity to make whatever investigation or inquiry they deem necessary or appropriate in connection with the subject matter of this Agreement;

d. They have had the opportunity to negotiate as to any and all terms hereof;

e. They are executing this Agreement voluntarily, free from any undue influence, coercion, duress, or menace of any kind; and

f. Each party, with the assistance of competent counsel, has negotiated this Agreement, any uncertainty or ambiguity should not be construed for or against either party, and the headings are inserted for convenience of the parties only.

IN WITNESS WHEREOF, the parties execute this agreement on the dates set forth below.

_____
TIA HEDGES
Date: May 31, 2017

**FAXED SIGNATURE ATTACHED**
SUDHAKAR REDDY, individually and on
behalf of Reddy GI Associates, PLLC

Date:_____

b.  **Fees and Costs.** If any lawsuit or other legal proceeding or action is brought relating to, arising out of, or to enforce any of the provisions of this Agreement, the prevailing party will be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith, in addition to any other remedy to which it might be entitled.

c.  **Waivers.** No waiver of any provision of this Agreement will constitute a waiver of any other provision of this Agreement, nor will any waiver constitute a continuing waiver. No waiver of any provision of this Agreement will be binding on the Parties unless it is executed in writing by the party making the waiver.

d.  **Law and Forum.** This contract is governed by and will be enforced according to the laws of the State of Arizona. Any action brought to enforce any term of this contract must be brought in the Arizona Superior Court, County of Maricopa.

5.  **Informed Consent.** The parties acknowledge and represent that:

a.  They have fully and carefully read this Agreement prior to execution;

b.  They have been fully apprised by their attorneys and/or advisors of the legal effect and meaning of this document and all terms and conditions thereof;

c.  They have had the opportunity to make whatever investigation or inquiry they deem necessary or appropriate in connection with the subject matter of this Agreement;

d.  They have had the opportunity to negotiate as to any and all terms hereof;

e.  They are executing this Agreement voluntarily, free from any undue influence, coercion, duress, or menace of any kind; and

f.  Each party, with the assistance of competent counsel, has negotiated this Agreement, any uncertainty or ambiguity should not be construed for or against either party, and the headings are inserted for convenience of the parties only.

IN WITNESS WHEREOF, the parties execute this agreement on the dates set forth below.

_____
TIA HEDGES
Date: May 3, 2017

_____
SUDHAKAR REDDY, individually and on behalf of Reddy GI Associates, PLLC
Date: 6/20/17